# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**CCP SP HOTEL, LLC,**

     **Appellant,**

**v.**                                             **Case No: 8:20-cv-2085-KKM**
                                                **Bankruptcy Case No: 8-19-bk-9946-CED**

**HERITAGE HOTEL
ASSOCIATES, LLC,**

     **Appellee.**

_____

## ORDER

Appellant (CCP SP Hotel, LLC) filed a notice of appeal seeking review of a bankruptcy court order that granted Appellee's (Heritage Hotel Associates, LLC) motion for reconsideration of a previous order awarding default interest to Appellant's predecessor-in-interest. With the notice, Appellant moved under 28 U.S.C. § 158(a)(3) for leave to appeal the interlocutory order granting reconsideration of the interest award. Upon consideration, the Court denies Appellant's motion for leave to appeal and dismisses this appeal.

## I. Background

Appellant is the successor-in-interest to Valley National Bank (Valley), which had extended credit to Appellee in June 2008. In October 2019, Appellee sought Chapter 11 protection before the bankruptcy court, and that court confirmed Appellee's plan in

January 2020. (Doc. 1, Ex. B, p. 1–2). On February 10, 2020, Valley timely submitted its "Application for Payment of Post-Petition Interest and Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 506(b)." (Doc. 1, Ex. B, p. 2).

On May 20, 2020, the bankruptcy court entered an order approving the award of attorney's fees and default interest to Valley but reserving the determination of that amount. (Bankr. Docket, Doc. 171, p. 4). The bankruptcy court later noted that this order was interlocutory because the exact amount of the accrued default interest and the allocation of other proceeds from a related sale of property were still outstanding issues. (Bankr. Docket, Doc. 291, p. 4).

On June 4, 2020, Appellee filed a motion for reconsideration of the order that awarded Valley default interest, on the grounds that the bankruptcy court had not considered evidence, had improperly weighed evidence, and that Valley had not produced all responsive documents. (Doc. 1, Ex. B, p. 5–7).

On June 8, 2020, Appellant acquired the secured bank debt from Valley. (Doc. 1, Ex. B, p. 6–7). The next day, Appellant filed a motion in opposition to Appellee's motion for reconsideration, arguing that the extraordinary circumstances required for reconsideration under Federal Rules of Civil Procedure 59 and 60 were not present and that the bankruptcy court had already reached a decision consistent with Florida contract law. (Bankr. Docket, Doc. 196, p. 7–8).

On August 18, 2020, the bankruptcy court granted Appellee's motion for reconsideration of the order awarding default interest to Appellant, now the successor-

in-interest to Valley. (Doc. 1, Ex. A). After noting that the Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59, which allows final orders to be reconsidered on limited grounds, the bankruptcy court described its Reconsideration Order as an interlocutory order that it had broad discretion to reconsider at any time before final judgment. *See* (Doc. 1, Ex. A, p. 5 (citing *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1242 (11th Cir. 2011))). The bankruptcy court granted the reconsideration motion, concluding that the equities of the case made reconsideration appropriate. *Id.*

### III. Analysis

Appellant seeks to overturn the Reconsideration Order and reinstate the initial order awarding it default interest. (Doc. 1, Ex. B, p. 9). It presents three questions for review: First, whether the bankruptcy court applied the correct standard in determining whether to grant the Reconsideration Order. (Doc. 1, Ex. B, p. 8). Second, whether the bankruptcy court abused its discretion by ordering additional development of the record given Appellee's presentation at earlier hearings. And third, whether the bankruptcy court abused its discretion by ordering additional development of the record in the light of the bankruptcy court's legal findings.

Before the Court may address the merits of Appellant's appeal, it must first determine it has jurisdiction. But because the Reconsideration Order was not a final judgment and because Appellant's motion fails to meet the standard required by this

Court to exercise discretionary jurisdiction over interlocutory orders, the motion for leave to appeal is denied.

## A. The Reconsideration Order Was Interlocutory

Under 28 U.S.C. § 158(a)(1), district courts have appellate jurisdiction over "final judgments, orders, and decrees" entered by bankruptcy judges. Under § 158(a)(3), district courts may also exercise appellate jurisdiction, with leave of the district court, over "interlocutory orders and decrees." The former is mandatory, the latter is discretionary. *See In re Lykes Bros. S.S. Co.*, 200 B.R. 933, 938 (M.D. Fla. 1996).

Because "[a] bankruptcy case involves 'an aggregation of individual controversies,' " *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (quoting 1 *Collier on Bankruptcy* ¶ 5.08[1][b], p. 5–42 (16th ed. 2014)), finality for purposes of appeal in bankruptcy proceedings is measured by resolution of "discrete disputes within the larger case," *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). "[T]o be final, a bankruptcy court order must 'completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.' " *In re Donovan*, 532 F.3d 1134, 1136–37 (11th Cir. 2008) (quoting *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000)). In other words, "the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." *Id.* at 1137 (quoting *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985)).

The Reconsideration Order was an interlocutory order, not a final one. First, by the plain text of the order awarding attorney's fees and default interest, the bankruptcy court did not determine the amount of interest owed, and it reserved ruling on the allocation of proceeds from the sale of a related property. (Bankr. Docket, Doc. 171, p. 4). Second, even after the bankruptcy court entered the challenged order, an unresolved issue remained in the case—Appellant's proof of claim that it filed in September 2020. (Doc. 4, p. 3); *cf. In re PMF Enters., Inc.*, 653 F. App'x 903, 904 n.1 (11th Cir. 2016) (per curiam) (holding that an order was final because it resolved the proof of claim and "left no unresolved dispute"). Moreover, Appellant even acknowledges that the court "may deem [the Reconsideration Order] interlocutory in nature," (Doc. 1 Ex. B, p. 1), and cited the § 158(a)(3) standard in the Motion for Leave to Appeal. *See In re Brown*, No. 3:17-BK-02262-PMG, 2018 WL 3496790, at *1 (M.D. Fla. July 20, 2018) (noting as relevant that appellants "label the appeal as interlocutory and filed the Motion, thereby acknowledging that the Order is not final and cannot be appealed without leave of Court").

### B. Motion for Leave to Appeal

Under 28 U.S.C. § 158(a)(3), a district court has jurisdiction to hear appeals from interlocutory orders of a bankruptcy judge if the district court grants leave. Granting leave is discretionary. *In re Demasi*, 8:14-cv-2228-T-33, 2015 WL 773393, at *3 (M.D. Fla. Feb. 24, 2015).

Section 158(a)(3) does not direct district courts how to exercise their discretionary jurisdiction over interlocutory appeals from bankruptcy courts. *See In re Charter Co.*, 778 F.2d 617, 620 n.5 (11th Cir. 1985). In the absence of textual guidance, district courts have uniformly looked to the standards in 28 U.S.C. § 1292(b), which govern discretionary interlocutory appeals from the district courts to the courts of appeals. *See, e.g., Robinson v. Lofty Asset Mgmt., Inc.* (*In re Robinson*), No. 3:19-cv-1155-J-32, 2019 WL 5102921, at *1 (M.D. Fla. Oct. 11, 2019); *In re Cruz*, No. 6:16-bk-7815-CCJ, 2019 WL 2084525, at *2 (M.D. Fla. May 12, 2019). Under that standard, Appellant must show " 'that (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate determination of the litigation.' " *Robinson*, 2019 WL 5102921, at *1 (quoting *Laurent v. Herbert*, 196 F. App'x 771, 772 (11th Cir. 2006)); *see also Bullard*, 575 U.S. at 500 (explaining that the lower bankruptcy appellate panel granted discretionary leave to appeal because it "involved a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal would materially advance the ultimate termination of the litigation").

Because interlocutory appeals are disfavored in the Eleventh Circuit, Appellant is required to establish that their appeal meets all three elements. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals . . . are generally disfavored."); *Robinson*, 2019 WL 5102921, *1. "The Court must deny leave if

the moving party fails to establish any one of the three elements." *Colony Lender, LLC v. Breakpointe, LLC*, No. 8:13-bk-00348-KRM, 2015 WL 3689075, at *2 (M.D. Fla. June 12, 2015) (citing *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla 1995)).

Appellant cites one recent district court order that suggests that meeting *any* of the three elements will suffice. *See* (Doc. 1, Ex. B, p. 9) (quoting *In re Yormak*, 2:18-cv-793-FTM-29, 2019 WL 2515972, at *2 (M.D. Fla. June 18, 2019), *appeal dismissed*, 2019 WL 5250781 (11th Cir. 2019)). But that court pointed to the wrong statutory provision—28 U.S.C. § 158(d)(2)—which governs when "the bankruptcy court, the district court, or the bankruptcy appellate panel" or even "all the appellants and appellees" should certify appeals to the courts of appeals. *See In re Yormak*, 2019 WL 2515972, at *2 (quoting *In re Yormak*, No. 2:18-cv-309-FTM-29, 2018 WL 2763343, at *2 (M.D. Fla. June 8, 2018)). Appellant does not address this discrepancy or argue that *Yormak* introduced a new standard. And the substantial majority of cases, including those affirmed by the Eleventh Circuit, have required all three prongs to be satisfied. *See, e.g.*, *In re Charter Co.*, 778 F.2d at 620 & n.5 (affirming a district court order denying leave because "the case did not involve a controlling question of law as to which there was substantial ground for difference of opinion *and* that accepting their appeals would not ultimately advance the termination of the bankruptcy proceedings" (emphasis added)); *Robinson*, 2019 WL 5102921, at *1; *Colony Lender*, 2015 WL 3689075, at *2; *In re Celotex Corp.*, 187 B.R. at 749; *see also Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007).

Finally, even if all three elements are established by Appellant, it is still within the discretion of the Court to deny leave, and "leave should be granted only in exceptional circumstances." *In re Demasi*, 2015 WL 773393, at *3. Appellant's motion fails to meet this high burden.

### 1. Controlling Question of Law

To meet the first prong, Appellant must show it presents a controlling question of law, which is a question about "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin v. Conosco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). If the issue is a controlling question of law, a court should not need "to study the record" and will be able to "quickly and cleanly" decide the issue. *Id.* (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)); *see also Colony Lender*, 2015 WL 3689075, at *2. Further, to satisfy this standard, the issue " 'must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.' " *Ibrahim v. FINR III, LLC*, 8:15-cv-1093-T-17, 2016 WL 409630, at *2 (M.D. Fla. Feb. 3, 2016) (quoting *McFarlin*, 381 F.3d at 1260).

Two of the issues presented by Appellant ask this Court to review for an abuse of discretion the bankruptcy court's determination to further develop the record. (Doc. 1, Ex. B., p. 8–9). Those issues necessarily present mixed questions of law and fact, and therefore they are not controlling questions of law. *Ibrahim*, 2016 WL 409630 at *3; *In re Brown*, 2018 WL 3496790, at *3; s*ee also Flying Cow Ranch HC, LLC v. McCarthy*, No.

19-cv-80230, 2019 WL 1258780, at *3 (S.D. Fla. Mar. 19, 2019) (noting that a court should not " 'second guess the reasonableness of the bankruptcy court's judgment' "(quoting *Shannon v. Morales-Arcadio Creditors*, No. 09-61153-LWD, 2010 WL 5288305, at *3 (S.D. Ga. Dec. 17, 2010))). Indeed, Appellant refers to disputed facts in the record and other bankruptcy court orders, *compare* (Doc. 1, Ex. B, p. 8–9) (alleging the Debtor "rest[ed]" and referring to other orders in the record), *with* (Doc. 4, p. 2) (disputing the characterization of the record), "thereby implicitly acknowledging that this Court would have to delve into the record" to review these issues, *In re Fundamental Long Term Care*, No. 8:11-bk-22258-MGW, 2019 WL 3429546, at *2 (M.D. Fla. July 30, 2019). Because these questions fail to meet the first element of the standard, "[t]he Court must deny leave." *Colony Lender*, 2015 WL 3689075, at *2 (citing *In re Celotex Corp.*, 187 B.R. at 749).

But Appellant's remaining issue is a controlling question of law. (Doc. 1, Ex. B, p. 8). Put simply, the question is "what is the legal standard for motions to reconsider interlocutory orders of the bankruptcy court?" This is an "abstract legal issue" that can be decided "quickly and cleanly," *McFarlin*, 381 F.3d at 1258 (quoting *Ahrenholz*, 219 F.3d at 677), and is "relevan[t] to other cases," *id.* at 1260.

## 2. Substantial Difference of Opinion

Although the proper legal standard for reconsideration of interlocutory orders is a controlling question of law, there is not a substantial difference of opinion regarding that particular legal issue. Accordingly, Appellant's motion fails to satisfy the second

element of the § 158(a)(3) standard to appeal an interlocutory order. "It is simply not enough for interlocutory review that the order for which appeal is sought presents a difficult ruling; nor is it sufficient that the movant can demonstrate a lack of authority on the issue." *In re Brown*, 2018 WL 3496790, at *2 (quoting *In re Pac. Forest Prods. Corp.*, 335 B.R. at 922). "Notably, there cannot be a substantial difference of opinion as to a legal principle if there is controlling authority in the bankruptcy court's jurisdiction." *Id.* (citing *In re Pac. Forest Prods. Corp.*, 335 B.R. at 910).

That is the case here. The bankruptcy court below applied binding Eleventh Circuit precedent, holding that trial courts have "broad discretion to reconsider their non-final rulings 'at any time prior to entry of final judgment.' " (Doc. 1, Ex. A, p. 5) (quoting *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1242 (11th Cir. 2011)). Further, "[i]t is well-established that it is within a bankruptcy judge's discretion to reconsider any interlocutory order made prior to the entry of final judgment." *In re Pac. Forest Prods. Corp.*, 335 B.R. at 916 (citing *Piper Aircraft Corp. v. Calabro*, 169 B.R. 766, 771 (Bankr. S.D. Fla. 1994)). Indeed, Federal Rule of Bankruptcy Procedure 7054(a) states that Federal Rule of Civil Procedure 54(b), which provides that a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," applies to bankruptcy proceedings. *Cf. Covenant Christian Ministries*, 654 F.3d at 1242 (citing Rule 54(b) for the proposition that "an interlocutory order is subject to reconsideration at any time prior to entry of final judgment").

Appellant argues that reconsideration orders can be granted only in extraordinary circumstances, but that standard applies to the reconsideration of *final* orders. *See, e.g.*, *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) ("[A]bsent a particularly egregious abuse of discretion, district courts are free to reconsider their interlocutory orders." (quoting *Sanchez v. Triple-S Mgmt. Corp.*, 492 F.3d 1, 12 n.12 (1st Cir. 2007)); *Covenant Christian Ministries*, 654 F.3d at 1242; *see also* Fed. R. Civ. P. 60(b) (stating it applies to "a final judgment, order, or proceeding"). Accordingly, this Court has described as "incorrect" the argument that Rules 59 or 60 "somehow restrained the bankruptcy court's authority to vacate the previous order" when the reconsidered order is "*interlocutory* in nature." *In re Steffen*, No. 8:09-cv-00353-JDW, 2011 WL 13174777, at *6–7 (M.D. Fla. Oct. 12, 2011), *aff'd*, 500 F. App'x 877 (11th Cir. 2012) (emphasis added). Since there is controlling precedent in the jurisdiction on this question, the second element cannot be met. *In re Fundamental Long Term Care*, 2019 WL 3429546, at *2 (quoting *In re Pac. Forest Prods. Corp.*, 335 B.R. at 922).

### 3. Advance the Termination of the Litigation

Finally, the question of whether the bankruptcy court applied the proper standard also fails the final element. This inquiry is satisfied if the resolution of the issue presented will " 'advance the ultimate termination of the litigation,' " *id.* at *3 (quoting *In re Pac. Forest Prods. Co.*, 335 B.R. at 924), and "the most compelling grounds for granting interlocutory appeals exist when reversal of the issue on appeal would dispose of the entire bankruptcy case," *Figueroa*, 382 B.R. at 825; *see Colony Lender*, 2015 WL

3689075, at *3. Appellant does not claim that the bankruptcy case will be disposed of by reversing the Reconsideration Order nor does he explain how resolution of this issue would substantially reduce the amount of litigation remaining below. Indeed, the proof of claim is still outstanding. (Doc. 4, p. 3).

Appellant's argument that this issue may eventually be appealed misunderstands the third element. (Doc. 1, Ex. B, p. 10). If it could be met by the possibility that the issue would be appealed after final resolution of the case, then nearly all motions for interlocutory appeals would qualify. *See In Re Fundamental Long Term Care*, 2019 WL 3429546, at *3. While it is true that it is relevant to the third element if review will "clarify" the legal question, "and preclude the need for further appeals of this type which delay bankruptcy proceedings," *In re Lykes Bros.*, 200 B.R. at 938, this consideration does nothing to assist Appellant. As discussed, there is controlling authority in the bankruptcy court's jurisdiction on the legal standard for motions to reconsider interlocutory orders.

At bottom, Appellant's Motion for Leave to Appeal fails to satisfy this Court's standard for exercising discretionary jurisdiction over interlocutory orders under § 158(a)(3).

Therefore, it is **ORDERED**:

1. Appellant's Motion for Leave to Appeal Reconsideration Order (Doc. 1, Ex.B) is **DENIED**.

2. The appeal is **DISMISSED**.

3.  The Clerk shall **CLOSE** this case and transmit a certified copy of this order

to the Clerk of the United States Bankruptcy Court for the Middle District of

Florida.

**ORDERED** in Tampa, Florida, on January 22, 2021.


_____

Kathryn Kimball Mizelle
United States District Judge